**FIRST CITY, TEXAS–HOUSTON, N.A., Plaintiff,**

v.

**RAFIDAIN BANK and Central Bank of Iraq, Defendants.**

**No. 90 Civ. 7360 JSR.**

United States District Court, S.D. New York.

Nov. 1, 1999.

Peter V. Baugher, Schopf & Weiss, Chicago, IL, Charles W. Fournier, O'Melvey & Myers, New York, NY, for Plaintiff.

Edward L. Powers & Patricia Lang Roer, Richards & O'Neil, LLP, New York, NY, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

In February 1989, plaintiff First City, Texas–Houston, N.A. ("First City")[1] extended $49.9 million in credit to defendant Rafidain Bank, a commercial bank wholly owned by the Republic of Iraq. Pursuant to a repayment agreement, Rafidain Bank

made some initial payments to First City; but in or around August 1990, as one of the outgrowths of the Kuwaiti War, Iraq repudiated its foreign debts, and thereafter Rafidain Bank ceased any further repayment of its debt to First City. First City then brought this lawsuit, seeking to recover on the unpaid debt. In an amended complaint filed on December 18, 1990, First City also sought recovery from co-defendant Central Bank of Iraq ("CBI") on the theory that CBI was effectively the "alter ego" of Rafidain Bank. In April 1991, default judgment in the amount of $53.2 million was entered against both defendants, jointly and severally. While no portion of this was collected from the defendants and interest continued to accumulate, First City thereafter received $55 million in compensation from the United States Government. *See* Powers Aff., Ex. C.

Meanwhile, in April 1992, the judgment against CBI was vacated for lack of valid service. In early 1994, First City effected proper service on CBI and the suit against CBI was reinstated. CBI then moved to dismiss on grounds of sovereign immunity. In opposition to that motion and in support of its theory that CBI was Rafidain Bank's alter ego, First City sought discovery from both defendants. While CBI provided the limited discovery ordered from it by the Court, Rafidain Bank, against which the original default judgment continued, failed to respond.

In March 1997, the Court granted CBI's motion to dismiss, finding that First City had failed to support its alter ego theory. In July 1998, however, the Court of Appeals reversed, concluding that the district court should not have dismissed CBI without permitting First City further opportunity to conduct "full discovery against Rafidain" on the alter ego issue. *See First*

---

1. First City was declared insolvent in 1992, and this suit has been prosecuted by various successors-in-interest. *See First City, Texas–Houston, N.A. v. Rafidain Bank,* 150 F.3d 172, 174 n. 1 (2d Cir.1998); Powers Aff. Ex. F.

(Shreve Aff.) ¶¶ 2–3. For convenience, however, the Court will continue to use the "First City" denomination that appears in the prior papers and proceedings herein.

*City,* 150 F.3d at 177. Upon remand, First City renewed its discovery demands on Rafidain Bank and served subpoenas duces tecum seeking relevant information. Consistent with its prior conduct, Rafidain Bank ignored the subpoenas, failed to provide any discovery, and failed to appear at the conferences convened by the Court to address discovery. *See* Transcript of Hearing ("Tr."), August 31, 1998; Tr., November 9, 1998.

First City then moved, by Order to Show Cause dated November 19, 1998, to hold Rafidain in contempt of Court and to impose a fine of $1,000 for each day that Rafidain remained in contempt. Predictably, Rafidain Bank failed to appear on the return date, November 30, 1998.

■ Nonetheless, the Court, in an excess of caution, has waited nearly a year for Rafidain Bank to proffer an excuse for its noncompliance or to give even a hint of its willingness to provide the ordered discovery. No such response having been received, the Court now hereby holds Rafidain Bank in civil contempt and assesses a fine of $1,000 per day, plus interest, at the federal statutory rate, for each day beginning November 1, 1999 that Rafidain Bank fails to cure the contempt.

The Court of Appeals further directed that on remand, after permitting discovery from Rafidain Bank, "the district court should then determine (1) whether there is an adequate factual record on which to rule whether CBI was Rafidain's alter ego, or (2) whether further discovery against CBI on the jurisdictional question is warranted." *First City,* 150 F.3d at 177. In light of Rafidain's recalcitrance, and the parties' assessment that no order of contempt was likely to compel further discovery from Rafidain, the parties chose, even while First City's contempt motion was

pending, to proceed to this next stage, with First City seeking to compel further discovery from CBI and CBI renewing its motion to dismiss on grounds of sovereign immunity.

■ As to the former, the Court, although assuming that no discovery will be forthcoming from Rafidain Bank,[2] sees no reason to disturb its prior finding—which it hereby adopts by reference, *see* Tr., March 26, 1997—that First City has failed to make a sufficient showing to warrant further discovery from CBI. *See First City,* 150 F.3d at 176; *see generally Filus v. Lot Polish Airlines,* 907 F.2d 1328, 1332 (2d Cir.1990); *Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 534 (5th Cir. 1992). In effect, First City seeks to obtain from an arm of the Iraqi Government, CBI, the broad discovery it has failed to obtain from a commercial (albeit state-owned) entity, Rafidain Bank, in order to justify invasion of CBI's presumptive sovereign immunity on the theory that, appearances notwithstanding, CBI is really the alter ego of Rafidain Bank. Such bootstrapping, if permitted, would make a mockery of the mandate of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603, not to intrude upon a foreign government's sovereignty in any but very limited respects. For example, First City asks this Court to compel CBI to utilize CBI's own powers under Iraqi law to obtain from Rafidain Bank and then turn over to First City documents that, First City speculates, will help establish the alter ego hypothesis. Such compulsion would be a far greater intrusion on CBI's presumptive sovereign immunity than anything remotely contemplated by the Court of Appeals. *See First City,* 150 F.3d at 176; *see also Filus,* 907 F.2d at 1332; *Arriba,* 962 at 534.[3]

---

2. Indeed, the Court assumed as much when it made its prior ruling (though failing to make this clear on the record), since even then Rafidain Bank had blatantly ignored all discovery requests from First City.

3. Equitable considerations also disfavor such further intrusion. Although the successors-in-interest to First City presumably purchased the Rafidain Bank's debt to First City at a discount, they have obtained not only a $53.2 million judgment against Rafidain Bank but

**380**

As to CBI's motion to dismiss, the Court, in the absence of any further evidence, would ordinarily feel compelled to grant CBI's motion, again essentially for the reasons stated at the time of the prior dismissal. *See* Tr., March 26, 1997. While First City argues that the Court should draw an adverse inference unfavorable to CBI from Rafidain Bank's failure to provide discovery on the alter ego issue, to do so would be to assume the very point in controversy, *i.e.*, that CBI is an alter ego of Rafidain Bank. Yet it is the very absence of meaningful evidence of that alleged relationship that underlay the Court's original grant of the motion to dismiss. *Id.* Rafidain Bank, on its face, is a state-owned commercial bank. CBI, on its face, is roughly the Iraqi equivalent of the Federal Reserve. Nothing in the defendants' ostensible relationship nor in anything adduced by First City provides a sufficient basis to infer that CBI is really Rafidain Bank's alter ego.

Nonetheless, because of the possibilities, exceedingly remote though they be, that Rafidain Bank may yet seek to purge its civil contempt and provide the requested discovery and that such discovery may cast further light on the alter ego issue, the Court, in an excess of caution, will for now deny CBI's motion, without prejudice to its being renewed six months from the date hereof.

Accordingly, First City's motion to hold defendant Rafidain Bank in civil contempt is hereby granted, First City's motion to compel further discovery from defendant CBI is hereby denied, and CBI's motion to dismiss is hereby denied without prejudice to its being renewed six months hereafter.

SO ORDERED.

also the $55 million in actual compensation from the United States Government.