**FIRST CITY, TEXAS–HOUSTON, N.A., Plaintiff,**

v.

**RAFIDAIN BANK and Central Bank of Iraq, Defendants.**

No. 90 CIV. 7360 (JSR).

United States District Court, S.D. New York.

Feb. 22, 2001.

Jonathan Sinnreich, New York City, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

The long and somewhat tortured history of this case has been elaborated previously and full familiarity therewith is here assumed. *See, e.g., First City v. Rafidain Bank,* 150 F.3d 172 (2d Cir.1998); *First City v. Rafidain Bank,* 197 F.R.D. 250 (S.D.N.Y.2000). Relevant for present purposes is the fact that after the Court of Appeals had ruled that plaintiff First City, Texas–Houston, N.A. ("First City") could take full discovery from defendant Rafidain Bank ("Rafidain") in support of its theory that co-defendant Central Bank of Iraq ("CBI") was Rafidain's "alter ego," First City served Rafidain with a subpoena duces tecum et ad testificandum dated September 14, 1998 (the "1998 Subpoena") seeking support for its theory. When no response was forthcoming from Rafidain, this Court entered an Order dated November 1, 1999 (the "Contempt Order") holding Rafidain in civil contempt and ordering it to pay $1,000 per day until it purged its contempt. On June 21, 2000, after a long absence from this litigation, Rafidain, through new counsel, the law firm of Sinnreich, Wasserman & Grubin, LLP ("SW & G"), appeared and moved to vacate the Contempt Order and quash the 1998 Subpoena on the ground that Rafidain was not properly a party before the Court at the time the 1998 Subpoena issued. While that motion was pending, First City served SW & G, as counsel for Rafidain, with a second subpoena duces tecum dated June 23, 2000 (the "2000 Subpoena"), seeking financial information in aid of its default judgment against Rafidain. *See* Rule 69, Fed.R.Civ.P. In response, Rafidain moved to quash the 2000 Subpoena.

By Opinion and Order dated November 8, 2000 (the "Opinion and Order"), the Court denied in its entirety Rafidain's mo-

Peter Baugher, Chicago, IL, for Plaintiff.

tion directed toward the 1998 Subpoena and denied in part Rafidain's motion directed toward the 2000 Subpoena. After filing appeals therefrom in the Court of Appeals, Rafidain moved this Court "for an Order pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure staying all discovery against Rafidain pending the hearing and determination of Rafidain's appeal from [the Opinion and Order]." *See* Rafidain's Notice of Motion, dated Jan. 11, 2001. It is this latest motion that the Court here resolves.

■ Before determining whether a stay pending appeal is appropriate, the Court must first satisfy itself that the underlying orders are appealable. With respect to the portion of the Order and Opinion that denied Rafidain's motion to quash the 2000 Subpoena and directed compliance with that subpoena, it is well settled that orders compelling discovery are generally not appealable, even under the so-called "collateral order" doctrine. *See, e.g., Am. Express Warehousing, Inc. v. Transamerica Ins. Co.,* 380 F.2d 277, 280 (2d Cir.1967). Rafidain's argument that its status as a foreign sovereign somehow justifies interlocutory appeal in regard to the 2000 Subpoena is misplaced, as this Court long ago found that Rafidain falls under the "commercial activity" exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a), *see First City,* 1992 WL 296434, at *3 (S.D.N.Y. Oct.6, 1992), and Rafidain no longer challenges that conclusion. In choosing to participate in U.S. commercial banking transactions, Rafidain also chose, in effect, to submit itself to the jurisdiction and procedures of United States courts and the legal responsibilities entailed therewith, to the extent they related to such commercial activities. *See Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). Whatever the merits of Rafidain's claim that it is no longer a party to this case (*see infra*), there is no doubt that it was a party to the original default judgment entered against

it and therefore is, at a minimum, a judgment-debtor. Under any analysis, therefore, the 2000 Subpoena was a valid discovery request, and if, as Rafidain claims, there is a defect in regard to the manner of service, the rejection of such an objection is insufficient in itself to form the basis for an interlocutory appeal.

With respect to the 1998 Subpoena, by contrast, it is undisputed that the subpoena is valid only if Rafidain is still a party to the ongoing case against CBI, a determination that was made by the Court of Appeals in Rafidain's absence and that Rafidain has sought to challenge, first, by going into contempt and, second, by moving to vacate. The denial of Rafidain's motion to vacate the Contempt Order (1) conclusively determined Rafidain's obligation to proceed with the discovery sought by First City through the 1998 Subpoena, (2) resolved an issue wholly separate from the merits of First City's claims against CBI (the only claims remaining in the case), and (3) would be effectively unreviewable on appeal from any final judgment against CBI. Thus all elements of the "collateral order" doctrine are satisfied and the portion of the Order and Opinion refusing to vacate the contempt order would appear immediately appealable. *See Cohen v. Beneficial Indus. Loan. Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Ellis v. Israel,* 12 F.3d 21, 23 (2d Cir.1993); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 685 (2d Cir.1989).

■ While First City argues that such an appeal is foreclosed because Rafidain neither took a timely appeal from the Contempt Order itself nor filed its motion to vacate in timely fashion, no objection was made to the filing of the motion to vacate on timeliness grounds and the appeal was timely filed after denial of that motion. Moreover, a civil contempt order that adds an additional $1,000 fine each day is in the nature of a continuing order that a party may ask the Court to exercise its plenary powers to reconsider at any

time. *See United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir.1982). Accordingly, the Court concludes that its Order denying Rafidain's motion to vacate the 1998 Subpoena is appealable.

■ Turning, then, to the question of whether a stay of the discovery sought by the 1998 Subpoena is appropriate, the Court must assess: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a 'substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994) (quoting *Hirschfeld v. Bd. of Elections*, 984 F.2d 35 (2d Cir.1993)). Considering these factors, the Court concludes that a stay is warranted in this instance.

The central issue on appeal is whether Rafidain remains a party to this action following the entry of default judgment against both it and CBI in 1991. Although this Court, per Judge Martin, eventually vacated the default judgment as to CBI, it refused vacatur to Rafidain. *See First City v. Rafidain Bank*, 1992 WL 296434 (S.D.N.Y. Oct.6, 1992). It would therefore appear that Rafidain has, at the very least, a substantial possibility of convincing the Second Circuit that Rafidain ceased to be a party to this action in 1991 and thus was under no obligation to respond to a party subpoena. Indeed, the stated reason that this Court denied Rafidain's motion to vacate was simply that it was bound by the conclusion of the Second Circuit that "Rafidain is a party to this suit." *First City*, 150 F.3d at 177; *see* Opinion and Order, at 8. The Court of Appeals, by contrast, is free to reconsider the matter, and, given that Rafidain was not a party to the appeal that produced this conclusion and that the issue of Rafidain's non-party status was not before the Court of Appeals, it may well do so.

The Court further concludes that Rafidain will suffer irreparable harm unless a stay of the discovery sought by the 1998 Subpoenas is granted, since it will then be obligated, in order to purge its contempt, to provide the very discovery it argues it has no obligation to produce. On the other hand, it does not appear that First City would suffer a substantial harm if a stay was granted, both in view of the fact that the Court of Appeals has already scheduled a prompt hearing on the appeal and in light of the fact that the United States Government, as part of certain arrangements following the Gulf War, has already reimbursed First City approximately $55 million for the losses it suffered as a result of defendants' default. Although this compensation perhaps does not make First City whole, it is nearly $ 2 million more than the default judgment awarded by this Court against Rafidain and certainly lessens the financial harm that would flow from any further delay in First City's attempts to recoup its losses through litigation. Finally, the Court finds that the public interest here is served by preserving the status quo, allowing Rafidain to fully pursue its appeal, which, as indicated above, has the substantial possibility of implicating important issues concerning the duty of non-party foreign instrumentalities to supply discovery in federal litigation.

Accordingly, the Court hereby grants Rafidain's motion for a stay of the discovery sought by the 1998 Subpoenas and, concomitantly, continues the suspension of penalties under the Contempt Order that it initially ordered on December 11, 2000 in a telephonic conference with the parties. As to discovery sought by the 2000 Subpoena, however, the stay is denied.

SO ORDERED.