**Tahrir S. KALASHO, Plaintiff–Appellant,**

v.

**REPUBLIC OF IRAQ; et al., Defendants–Appellees.**

No. 03–1897.

United States Court of Appeals, Sixth Circuit.

June 14, 2004.

**28**

Tahrir S. Kalasho, Coldwater, MI, for Plaintiff–Appellant.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

### ORDER

Tahrir S. Kalasho, a Michigan state prisoner, appeals pro se a district court order dismissing without prejudice his complaint filed pursuant to the Foreign Sovereign Immunity Act, 28 U.S.C. § 1605. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking one billion dollars in compensatory and punitive damages, Kalasho filed this complaint, purportedly on behalf of himself and his son, against the Republic of Iraq, the Baath party, Saddam Hussein, and seven high-ranking members of his administration. Kalasho alleged that defendants had conspired to have Kalasho killed, and that he had survived numerous attempted assassinations since 1981.

The district court clerk corresponded with Kalasho regarding service, and asked Kalasho whether he wished to serve the defendants in Iraq or at the United Nations. Kalasho opted to serve the defendants at the United Nations, but his summons were apparently refused. He moved for default judgment, which a magistrate judge recommended be denied based on failure of service. The district court adopted this recommendation over Kalasho's objections. The magistrate judge then recommended that the complaint be dismissed without prejudice, pursuant to Fed.R.Civ.P. 12(b)(2) and (5), for lack of personal jurisdiction and insufficiency of service of process. The district court also adopted this recommendation over Kalasho's objections, and dismissed the complaint without prejudice.

On appeal, Kalasho argues that his service of defendants through the United Nations was sufficient, or alternatively, that service through the State Department is available and should be attempted.

The district court had broad discretion to dismiss this complaint on the ground of improper service. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir.1993). Upon consideration, we conclude that the district court did not abuse its discretion in dismissing this complaint without prejudice.

Kalasho argues that his service of the defendants through the United Nations was sufficient. However, it is apparent that defendants did not receive actual notice of the suit through this attempt, which is required under 28 U.S.C. § 1608. *Magness v. Russian Fed'n*, 247 F.3d 609, 616 (5th Cir.2001). Kalasho's reliance on *First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54–55 (2d Cir.), *cert. denied*, 537 U.S. 813, 123 S.Ct. 75, 154 L.Ed.2d 17 (2002), is misplaced, as that case involved service through the United Nations by a special agreement in the parties' contract. Kalasho also argues

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

that he attempted to obtain service on defendants in good faith, and should have been permitted to attempt service through the State Department. However, there was no finding of bad faith on Kalasho's part by the district court. The magistrate judge simply concluded that, given the current political situation, there was no practical method to obtain service on the no longer existent Republic of Iraq, the Baath party, or the individual defendants in a manner that was likely to provide them with actual notice.

Because no abuse of discretion is apparent in the district court's dismissal of this complaint without prejudice, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.