

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2009

# Haiying Xi v. Shengchun Lu

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Haiying Xi v. Shengchun Lu" (2009). *2009 Decisions.* Paper 1282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3322
_____

HAIYING XI,
　　　　　　　　　　　Appellant

v.

SHENGCHUN LU; CHEN YI YANG; SCOF USA INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 05-cv-05305)
District Judge:　Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges

(Opinion filed: May 29, 2009)

_____

OPINION
_____

PER CURIAM

　　　Haiying Xi, proceeding pro se, appeals an order of the United States District Court

for the Eastern District of Pennsylvania denying his post-judgment motions in his breach

of contract action.　We will affirm in part and vacate in part the District Court's order.

Xi filed a breach of contract action in District Court against SCOF USA Inc., Shengchun Lu, SCOF USA's President and Chief Operating Officer, and Chen Yi Yang, its Assistant President. Xi's action arose out of an agreement under which Xi invested in SCOF USA, a business that would sell liquor imported from China, in return for a partial ownership interest in the company. In addition to breach of contract, Xi claimed that the defendants engaged in fraud and conspiracy.[1]

On April 28, 2008, the District Court granted Xi's motion for a default judgment based on the defendants' failure to respond to the complaint. The District Court entered judgment in favor of Xi and against Lu, Yang, and SCOF USA Inc. on all counts of the complaint in the amount of $541,133.12. The District Court denied Xi's request for punitive damages. Pursuant to the parties' agreement, the District Court ordered that the defendants disclose certain information to Xi, including their social security numbers, home addresses, and telephone numbers, and the names of SCOF USA's shareholders. The District Court further ordered Lu to transfer to Xi a stamp collection, which Lu had promised as a guarantee for his debt. Finally, the District Court denied Xi's request to transfer to him the right of exclusive use of SCOF USA's trademark and Lu's shares of stock because Xi had not shown, as required by the parties' agreement, that his loss could

---

[1]The District Court initially dismissed Xi's complaint for lack of subject matter jurisdiction because Xi had also named Li Xiao Li as a defendant. Li is a citizen of the same state as Xi, and diversity of citizenship was lacking. We vacated the District Court's order because it was not clear that Li was an indispensable party. On remand, the District Court granted Xi's motion to dismiss Li as a party to the action.

not be immediately fully recovered in cash.

Xi filed a motion for reconsideration in which he argued that punitive damages were warranted. Xi also asked the Court to reconsider the denial of his request for a transfer of SCOF USA's stock and licenses. On May 14, 2008, the District Court entered an order denying the motion. The District Court reiterated its finding that punitive damages were not warranted, noting that dissatisfaction with the court's ruling was not a proper basis for reconsideration.

Xi then filed several motions. In a motion to clarify the District Court's May 14, 2008, order, Xi asked the District Court to further explain its rulings and his available remedies in the event the defendants did not comply with the judgment. Xi also moved pursuant to Federal Rule of Civil Procedure 69 for an order requiring the defendants to disclose SCOF USA's financial records and other information. Finally, Xi filed a petition for a restraining order to freeze the defendants' assets, alleging that the defendants continued to engage in deceptive business activities. In an order filed June 24, 2008, the District Court denied Xi's post-judgment motions. The District Court explained that its function was not to explain legal concepts to Xi, assist him in enforcing his judgment, or clarify his potential remedies if he could not collect. The District Court also stated that Xi had not shown that the extraordinary relief of a restraining order was warranted.[2]

---

[2]Before the District Court issued its order, Xi filed an appeal of the May 14, 2008, order denying his motion for reconsideration. Citing Venen v. Sweet, 758 F.2d 117 (3d Cir. 1985), the District Court noted that its jurisdiction was not divested because Xi's appeal related to the issue of punitive damages. On July 9, 2008, this Court dismissed

Xi then filed two additional post-judgment motions. He moved for reconsideration of the District Court's June 24, 2008, order, asserting that he had new evidence that the defendants planned to dissolve SCOF USA and open another business using the money and licenses belonging to SCOF USA.[3] Xi renewed his request for discovery pursuant to Rule 69 in order to prepare a writ of execution and his request for a restraining order. Xi also filed a motion for reconsideration of the denial of punitive damages.

In an order entered July 28, 2008, the District Court denied reconsideration of its June 24, 2008, order, explaining that it did not find Xi's new factual allegations sufficient to reconsider the denial of his requests for discovery and a restraining order to freeze the defendants' assets after a default judgment had already been entered in his favor. The District Court also denied Xi's motion for reconsideration on the issue of punitive damages on grounds of issue preclusion and untimeliness. The District Court explained that it had already denied reconsideration on this issue, and that this Court had dismissed Xi's appeal. This appeal followed.[4]

We have jurisdiction pursuant to 28 U.S.C. § 1291. In his brief, Xi challenges the District Court's April 28, 2008, order, which granted his motion for default judgment but

_____

Xi's appeal of the May 14, 2008, order for failure to pay the requisite fee.

[3]In support of his allegations, Xi submitted various documents in the Chinese language and his own translation of those documents.

[4]The District Court also denied Xi's motion to extend the time to appeal, noting that it was not clear which order Xi wished to appeal, and explaining that he had 30 days to file an appeal from the July 28, 2008, order. Xi does not seek review of this ruling.

denied his request for an order transferring to him SCOF USA's trademark and Lu's shares of stock. Alternatively, he argues that he should be awarded additional shares of stock under the parties' agreement. Xi also challenges the District Court's July 28, 2008, denial of his post-judgment motion for discovery from the defendants pursuant to Rule 69 and his motion for a restraining order freezing their assets. Finally, Xi challenges the District Court's denial of punitive damages.

Our scope of review is limited to the District Court's July 28, 2008, order denying Xi's request for discovery and a restraining order and reconsideration of the denial of punitive damages. Xi has already appealed the District Court's May 14, 2008, order denying reconsideration of the April 28, 2008, order, and that appeal was dismissed for failure to prosecute. Xi's first two issues on appeal, challenging the District Court's denial of Xi's request to transfer to him SCOF USA's trademark and stock, were the subject of the District Court's April 28, 2008, and May 14, 2008, orders, and are not properly before us. Similarly, the District Court's decisions on punitive damages in the April 28, 2008, and May 14, 2008, orders are not properly before us. To the extent Xi seeks to appeal the District Court's order filed June 24, 2008, denying his first post-judgment motions for discovery and a restraining order, the June 24, 2008, order is also not properly before us because Xi did not file a notice of appeal with respect to that order.[5]

_____

[5]Xi refers in his brief to the District Court's July 3, 2008, order granting his motion to reopen the time to file a notice of appeal. Xi's motion did not relate to the June 24, 2008,

5

Xi's latest round of post-judgment motions can be construed as filed pursuant to Federal Rule of Civil Procedure 60(b)(3),(6). We review the denial of Rule 60(b) relief for an abuse of discretion. Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). We agree with the District Court that Xi's allegations that the defendants planned to dissolve SCOF USA and open a new business using SCOF USA's funds, along with his supporting documentation, are insufficient to warrant an order freezing the defendants' assets under the circumstances of this case. We also agree with the District Court that the issue of punitive damages had already been litigated and was not properly before the court as no basis to reopen the judgment had been shown.

We agree with Xi, however, that the District Court erred in denying his motion for discovery pursuant to Rule 69 based on the fact that a default judgment had already been entered in his favor. Rule 69 provides that, in aid of the judgment or execution, a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2). Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure. See First City, Texas Houston N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002) (citing cases). It appears that the District Court viewed Xi's motion as a request for discovery related to his complaint rather than in aid of the judgment or execution. Thus, we will vacate the

order, but to his appeal of the District Court's May 14, 2008, order, which was untimely filed on June 16, 2008.

6

District Court's July 28, 2008, order to the extent that the order denied Xi's Rule 69 motion and will remand so that the District Court may reconsider Xi's request for discovery under that Rule.

Accordingly, we will affirm in part and vacate in part the order of the District Court.