**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3541
_____

HAIYING XI

v.

SHENGCHUN LU; CHEN YI YANG; SCOF USA INC
(D.C. 2-05-cv-05305)

CHUN HING TUNG; HAIYING XI

v.

SHENGCHUN LU; US- CHINA LIQUOR GROUP INC, (AKA US- SINO LIQUOR
GROUP INC);
US- CHINA LIQUOR GROUP INC'S AFFILIATES COMPANY OR ENTITIES IF
ANY;
JOHN DOE SHAREHOLDERS OF US- CHINA LIQUOR GROUP INC;
JOHN DOE PARTICIPANTS OF US- CHINA LIQUOR GROUP INC'S BUSINESS
(D.C. 2-10-cv-04667)

Chun Hing Tung;
Haiying Xi,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-05-cv-05305 & 2-10-cv-04667)
District Judge: Honorable Mitchell S. Goldberg
_____

Before: AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed  February 14, 2020)
_____

OPINION*
_____

PER CURIAM

Haiying Xi and Chun Hing Tung, proceeding pro se, appeal from orders of the

United States District Court for the Eastern District of Pennsylvania denying their post-

judgment discovery motions and their motions for reconsideration.  For the following

reasons, we will vacate the judgment and remand for further proceedings.

This is the third appeal arising out of an action brought by Xi in 2005 alleging

claims of breach of contract, fraud, and conspiracy against SCOF USA, Inc. ("SCOF"),

its President and Chief Operating Officer, Shengchun Lu, and its Assistant President,

Chen Yi Yang.  The claims stem from a dispute over an agreement pursuant to which Xi

invested $100,000 in SCOF, a liquor importing business, in return for a partial ownership

interest in the company.  According to the complaint, defendants Lu and Yang failed to

comply with the terms of the agreement which required SCOF to deliver a container of

22,000 bottles of liquor from China or to reimburse Xi.  In 2007, we vacated the District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

Court's sua sponte dismissal of the complaint for lack of subject matter jurisdiction. See Xi v. Lu, 226 F. App'x 189, 192 (3d Cir. 2007).

On remand, the District Court granted Xi's motion for a default judgment on all counts and awarded compensatory damages in the amount of $541,133.12. Pursuant to the parties' underlying agreement, the District Court directed defendant Lu to transfer a stamp collection to Xi, which Lu had promised as a guarantee for the debt. The District Court also ordered Lu and Yang to provide Xi with personal information (including their social security numbers, home addresses and phone numbers, as well as copies of their driver licenses and passports), and business information (including the name of, and number of shares owned by, SCOF's shareholders, and "authentic" copies of its "register paper[s] with the City of New York or New York State"). Xi's request for punitive damages was denied.

Xi filed numerous rounds of post-judgment motions, including a motion seeking a discovery order pursuant to Fed. R. Civ. P. 69(a)(2) requiring defendants to disclose, inter alia, SCOF's financial records, and a motion for reconsideration of the denial of punitive damages. The District Court denied these motions, as well as Xi's subsequent motion for relief from that judgment, filed pursuant to Fed. R. Civ. P. 60(b). On appeal, we affirmed in part, and vacated in part, and remanded for reconsideration of the motion for discovery under Rule 69(a). See Haiying Xi v. Shengchun Lu, 330 F. App'x 403 (3d Cir. 2009).

In 2010, Appellants Tung and Xi filed a separate suit against Defendant Lu, US-China Liquor Group, Inc. ("US-CLG") (aka US-Sino Liquor Group ("US-SLG")), and its associates for contracting in bad faith, breach of fiduciary duty, breach of fair dealing and related claims. The complaint alleged that defendants used plaintiffs' investment funds in SCOF to set up a competing liquor import business, US-CLG. In granting default judgment in that matter on May 17, 2012, the District Court observed the "extraordinary lengths" defendant Lu had gone to avoid plaintiffs' efforts to serve him with process, including directing security in a New York City hotel to remove the process server. The Court granted permanent injunctive relief, directing defendants to turn over physical and legal possession of all trademarks, licenses, registrations, and permits in the name of SCOF or US-CLG.

The District Court ultimately entered orders in both cases finding Lu in civil contempt for failing to comply with its discovery orders. The Court imposed a fine of a $100 per day until Lu complied with the order to deliver the stamp collection to Xi. In its January 2013 contempt order, the Court issued a bench warrant for Lu's arrest, observing that, "[t]hroughout the several years of this case, Lu has taken extraordinary efforts to not only ignore valid court orders, but to evade contact with this case in its entirety." Lu was arrested and released in August 2017, after the Court ordered that his passport be confiscated.

In November 2017, the District Court[1] granted plaintiffs' motion to combine the cases for purposes of post-judgment discovery; it ordered the parties to meet to review the status of the requested documents and directed that discovery as to execution of the default judgment be completed within 60 days.[2] A hearing was held by the Court on April 12, 2018, during which Xi took Lu's deposition. Plaintiffs subsequently filed a "Motion for Judgment on Defendant's Answer to Deposition and Response to Interrogatories and Request for Production." The District Court denied the motion, stating that Appellants "have had over five years to obtain the desired discovery. They have served interrogatories on Defendants and deposed Defendant Lu in court." The Court concluded that the plaintiffs' request for a declaration that Lu's responses to the interrogatories were "evasive and incomplete" and for an order directing Lu to provide them with "a variety of personal documents" was "inappropriate in proportion to what Rule 69(a)(2) permits." The District Court denied plaintiffs' timely motion for reconsideration, and this appeal ensued.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because the District Court's post-judgment order is effectively final. See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu, 760 F.3d 290, 294 (3d Cir. 2014) (joining other circuits in

---

[1] In October 2017, the case was reassigned from the Honorable Legrome D. Davis to the Honorable Mitchell S. Goldberg.

[2] In January 2018, the Court granted plaintiffs' motion to extend the time for completing discovery and to expand the scope to include any new business of defendants, as well as

holding that "a judgment creditor may appeal from the denial of discovery in aid of execution"). We review the denial of a Rule 69(a) motion for abuse of discretion. See id. at 296.

Pursuant to Fed. R. Civ. P. 69(a)(2), a party may use the full panoply of federal discovery measures to obtain discovery "[i]n aid of the judgment or execution." The scope of post-judgment discovery is "very broad." F.D.I.C. v. LeGrand, 43 F.3d 163, 172 (5th Cir. 1995); see also 13 James Wm. Moore et al., Moore's Federal Practice § 69.04 (3d ed. 2019) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor."). The principal constraint is that the evidence "must be calculated to assist in collecting on a judgment." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012). The standards and consequences of a failure to make disclosures or cooperate with discovery are set forth in Fed. R. Civ. P. 37. In particular, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

With these rules and principles in mind, we conclude that the District Court abused its discretion in issuing a blanket denial of plaintiffs' post-judgment motion.

---

any post-judgment revenue or assets generated by defendants.

First, as the summary of the procedural history of these matters makes clear, the plaintiffs did not have five years to obtain discovery. It was not until August 2017 that Defendant Lu first appeared, albeit unwillingly, in these cases. And, in any event, a lengthy period of discovery should not factor against granting further discovery where, as here, it may be attributable to an incalcitrant judgment debtor. See Ohntrup, 760 F.3d at 293, 296 (remanding for further consideration of a post-judgment discovery request in aid of execution of thirty-year old judgment against a judgment debtor who had "yet to respond to a discovery request or participate in any way in post-judgment proceedings").

Next, the plaintiffs highlighted numerous answers given by Lu during the deposition and in response to interrogatories and requests for production which they claimed were "evasive, incomplete, contradictory and inveracious (sic)." For example, they maintained that the responses regarding the whereabouts of the stamp collection were varied, and that defendant Lu gave inconsistent responses about his income and finances vis-à-vis his expenses. Plaintiffs also noted the contradictions in discovery responses regarding defendants' potential ownership interest in US-China Liquor (Shenzhen) Ltd. Corp. ("US-CLS"), a liquor business in China. Defendant Lu testified that he was president of US-CLG and owned 70% of it, but that he had no interest in US-CLS. Plaintiffs presented Chinese government records indicating that, in 2010, US-CLG invested 2 million Chinese Yuan in, and owned 100% of, US-CLS. Lu responded that "everybody in China knows that's not true." 4/12/18 Hearing Tr. at 42. But plaintiffs

7

also presented evidence purporting to show that the companies operated from the same website, which indicated that US-CLS was a subsidiary of US-CLG. Plaintiffs also pointed out that Lu testified that US-CLG "does not exist now," and that it "ceased to exist around 2010," but they presented evidence from the state of New York indicating that the company was still "active" as of January 2018. The District Court wholly failed to address these contentions.[3]

Finally, the District Court's wholesale conclusion that the requested relief was inappropriate in proportion to Rule 69(a) is at odds with the broad scope of post-judgment discovery. Indeed, some of the information sought, including copies of Lu's driver's license and passport, is the same as that which the Court directed defendants to provide in previous orders. Other proposed interrogatories follow-up on specific answers provided during the deposition, such as the questions regarding the stamp collection and the source for Xi's investment money into SCOF; these inquiries might reasonably lead to information relevant to the existence or transfer of the defendants' assets. See generally 12 Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3014 (3d ed. 2019) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."). We note that, although a

---

[3] On remand, the District Court, which observed most of the deposition, may wish to consider whether any of defendants' discovery responses were given in "bad faith." Martin-Trigona v. Gouletas, 634 F.2d 354, 357 (7th Cir. 1980).

8

number of plaintiffs' inquiries pertain to assets and business transactions in China, "[a] judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located." First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002); see also EM Ltd., 695 F.3d at 208 (noting that it is not unusual "for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made"). While we recognize the District Court's "broad discretion to limit discovery in a prudential and proportionate way," id. at 207, the Court must identify which, if any, of the revised interrogatories and requests for production aren't relevant or reasonably calculated to lead to evidence of the defendants' property and assets.

For the reasons stated, the District Court erred in concluding that the sought-after discovery was disproportionate to that permitted under Rule 69(a). We will therefore vacate the District Court's orders denying the "Motion for Judgment on Defendant's Answer to Deposition and Response to Interrogatories and Request for Production" and the motion for reconsideration and remand the case for further proceedings consistent with this opinion.[4]

---

[4] Appellants' Motion to Exceed the Page and Word Limitation is granted.