**FIRST CITY, TEXAS–HOUSTON, N.A., Plaintiff–Appellant,**

v.

**RAFIDAIN BANK, Defendant,**

**Central Bank of Iraq, Defendant–Appellee.**

Docket No. 97–7532.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1997.

Decided July 16, 1998.

Peter V. Baugher, Schopf & Weiss, Chicago, Illinois (Todd H. Flaming, Chicago, Illinois, Charles W. Fournier and Achilles M. Perry, O'Melveny & Myers LLP, New York, New York, on the brief), for Plaintiff–Appellant.

Patricia K. Lang, Richards & O'Neil, LLP (Edward L. Powers and Jacques M. Rimokh, Richards & O'Neil, on the brief), New York, New York, for Defendant–Appellee.

Before: WALKER and CABRANES, Circuit Judges.[*]

JOHN M. WALKER, JR., Circuit Judge:

Plaintiff–appellant First City, Texas–Houston, N.A. ("First City")[1] appeals from a judgment dated March 31, 1997, entered in the United States District Court for the Southern District of New York (Jed S. Rakoff, *District Judge*), granting defendant-appellee Central Bank of Iraq's ("CBI") motion to dismiss First City's complaint. First City argues that the district court erroneously denied its request for additional discovery relating to CBI's alleged control over its co-defendant Rafidain Bank ("Rafidain"), also of Iraq, thereby preventing First City from proving that jurisdiction exists over CBI. We agree, and therefore vacate the dismissal of

---

[*] The Hon. Frank X. Altimari attended oral argument in this case, but did not participate in consideration of the appeal. *See* Local Rule § 0.14(b).

1. Texas Commerce Bank N.A. is the successor-in-interest to First City, Texas–Houston, N.A.'s April 1991 judgment against Rafidain Bank; however, this opinion refers to the appellant as "First City."

the complaint and remand for further proceedings.

## Background

This action followed Iraq's repudiation of its foreign debts following its invasion of Kuwait in August 1990. One of the affected transactions was a February 1989 loan agreement (the "Agreement") between Rafidain and First City whereby First City purchased approximately $49.9 million worth of drafts drawn under letters of credit issued by Rafidain. Rafidain paid First City in accordance with the Agreement until Iraq repudiated its foreign debts.

Rafidain is a commercial bank wholly owned by the Republic of Iraq. CBI is the central banking authority in Iraq, and its functions are roughly analogous to those of the Federal Reserve Bank in the United States. According to First City, CBI oversees all of Rafidain's foreign transactions. It is undisputed that both Rafidain and CBI are "agenc[ies] or instrumentalit[ies] of a foreign state" under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603. Although foreign states and their instrumentalities generally enjoy sovereign immunity from suit, no such immunity applies where these entities engage in certain commercial activities set forth in the FSIA. *See* 28 U.S.C. § 1605(a).

On November 15, 1990, First City filed suit in the United States District Court for the Southern District of New York (John S. Martin, *District Judge*) to recover funds owed under the Agreement. It filed an amended complaint on December 18, 1990, and served a copy of the summons and the amended complaint on both Rafidain and CBI through the Iraqi Permanent Representative to the United Nations. After both defendants failed to appear or to answer the complaint, the district court entered a default judgment on April 26, 1991 in the amount of approximately $53.2 million against them.

In April 1992, Rafidain and CBI moved for relief from the default judgment. CBI asserted that it was never served with the amended complaint. By order dated September 28, 1992, the district court vacated the default judgment against CBI and granted First City a reasonable time to serve process. By the same order, the court denied Rafidain's motion to vacate the default judgment, finding that Rafidain had been properly served and fell within the FSIA's commercial activity exception. First City served CBI in early 1994.

In August 1994, CBI moved to dismiss the complaint, *inter alia,* for lack of subject matter jurisdiction under the FSIA. CBI argued that, as an instrumentality of Iraq, it was immune from suit in federal court, *see* 28 U.S.C. § 1604, and that it did not fit within any of the FSIA's exceptions to statutory immunity, *see* 28 U.S.C. §§ 1605–07. In particular, CBI contended that § 1605's commercial activity exception did not apply because CBI did not engage in any act or activity either in the United States or elsewhere with a direct effect in the United States.

First City did not dispute that CBI is a foreign instrumentality that does not fit within an FSIA exception to sovereign immunity. Rather, First City contended that CBI was effectively Rafidain's "alter ego," which, if true, would subject CBI to jurisdiction under the FSIA's commercial activity exception to immunity to the same extent as Rafidain. Before ruling on the motion to dismiss, the district court permitted First City to pursue limited discovery from the defendants on its alter ego theory.

In October 1994, First City served its first set of interrogatories and document requests on CBI and Rafidain. First City sought various organizational documents from both parties relevant to the possible existence of an alter ego relationship. CBI responded and later supplemented its response. After Rafidain refused to respond to the initial request, First City served a subpoena and a second set of document requests on Rafidain. First City maintains that Rafidain has consistently refused to provide the bulk of the requested information. On May 11, 1996, First City filed a motion pursuant to Fed. R.Civ.P. 37 that sought an order compelling CBI and Rafidain to supplement their responses to First City's document requests and interrogatories.

Following delays while the case was reassigned, the district court scheduled briefing on CBI's motion to dismiss. After oral argument, the district court granted CBI's motion to dismiss on March 28, 1997, without directly addressing First City's unresolved motion to compel discovery from the defendants. The district court granted the motion to dismiss reluctantly in a ruling from the bench and suggested that it would have permitted additional discovery if CBI were a domestic corporation:

> If this were simply a question of two domestic entities, the court would be inclined to permit further discovery because the prejudice to the defendant in such a situation ... would be modest, but in the court's view the sovereign immunity comes into play and other policies come to bear that the court thinks have to be given very substantial weight.

The district court's view of the matter was summarized as follows:

> [T]he sensible way the law ought to treat an alter ego allegation in a sovereign immunity situation is to require that without having to put the sovereign to the intrusiveness of discovery, that the plaintiff come forward after an appropriate 12(b)(1) motion has been made with meaningful evidence to support the alter ego allegation.

Upon reviewing the evidence proffered by First City to support its alter ego claim against CBI, the district court, concluding that "the evidence that the plaintiffs have thus far adduced and which the record in this hearing will reflect is insufficient to support an alter ego claim," dismissed the complaint against CBI for lack of jurisdiction. First City now appeals from that dismissal.

## Discussion

First City argues that the district court erred by granting CBI's motion to dismiss for lack of jurisdiction without allowing First City the opportunity to conduct additional jurisdictional discovery. Implicitly conceding that its showing of jurisdiction over CBI was wanting, First City's appeal focuses on the court's refusal to grant discovery, rather than on the merits of CBI's motion to dismiss. For the reasons set forth below, we hold that the district court abused its discretion by denying First City additional discovery.

### I. Standard of Review

■■■ Although we review *de novo* the dismissal of a complaint for lack of subject matter jurisdiction under the FSIA, *see Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1016–17 (2d Cir.1991), our primary inquiry here is whether the district court erred by granting CBI's motion to dismiss before allowing First City to conduct additional jurisdictional discovery. The parties disagree over the standard this court should apply in reviewing the district court's decision to deny discovery. Defendants urge us to review the district court's ruling for an abuse of discretion. *See, e.g., M.B. v. Reish*, 119 F.3d 230, 232 (2d Cir.1997). In contrast, relying upon *Garrett v. City of San Francisco*, 818 F.2d 1515 (9th Cir.1987), First City maintains that, because the district court ignored its motion to compel, we should review the district court's decision *de novo*. We agree with defendants that abuse of discretion review is appropriate in this case.

First City's reliance on *Garrett* to support its argument for heightened review is misplaced. In *Garrett*, the district court failed to address the merits of the plaintiff's motion to compel before granting the defendant's motion for summary judgment. The Ninth Circuit reversed, concluding that because the district court did not exercise its discretion—by failing to consider the motion to compel discovery—"the issue of whether or not it should have [exercised its discretion] present[ed] a legal question which [was] subject to *de novo* review." *Id.* at 1518 n. 3. Unlike the district court in *Garrett*, the district court here did consider First City's motion for discovery and discussed at length its reasons for denying additional discovery. In evaluating the motion to dismiss, the district court weighed the benefits of additional discovery against the intrusiveness to CBI of permitting such discovery. Accordingly, the district court implicitly denied First City's motion to compel. *Cf. Columbia Pictures Indus. v. Professional Real Estate Investors,*

*Inc.,* 944 F.2d 1525, 1532–33 (9th Cir.1991) (distinguishing *Garrett* because district court "implicitly ruled that the materials sought in discovery would not defeat [defendant's] motion for summary judgment"), *aff'd,* 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). Thus, we will review the district court's denial of additional discovery for an abuse of its discretion.

## II. *Jurisdictional Discovery Against Sovereigns*

■ The FSIA provides the "sole basis" for obtaining jurisdiction over foreign states and their instrumentalities in the United States. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989). Foreign states are immune from jurisdiction in United States courts unless one of the FSIA's exceptions to immunity applies. *See* 28 U.S.C. §§ 1604–07. Rafidain was found to fall within the "commercial activity" exception, which provides that sovereigns will not be immune from jurisdiction in any case

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]

28 U.S.C. § 1605(a)(2).

First City admits that no act or activity of CBI, qua CBI, was carried on or performed either in the United States or elsewhere with a direct effect in the United States. However, First City contends that CBI is nonetheless subject to the commercial activity exception because Rafidain is CBI's alter ego, and CBI oversees Rafidain's commercial banking activities in the United States.

The Supreme Court first applied the alter ego doctrine in the context of the FSIA in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba,* 462 U.S. 611, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983) ("*Bancec*"). In *Bancec,* the Court explained that

foreign entities are presumed to be separate; however, that presumption may be overcome in two situations: (1) when "a corporate entity is so extensively controlled by its owner that a relationship of principal and agent is created," and (2) when treating the entities separately "would work fraud or injustice." *Id.* at 629, 103 S.Ct. 2591 (quotation marks omitted).

It is undisputed that CBI is an agency of Iraq. Therefore, CBI is immune from suit by First City unless First City can set forth facts showing that CBI's alleged control over Rafidain is sufficient to attribute Rafidain's acts or activities to CBI under the alter ego theory. First City requested additional discovery against CBI and Rafidain to prove that CBI extensively controls Rafidain. Although the district court permitted some discovery against CBI and Rafidain, First City contends that the district court erroneously denied additional discovery and failed to rule on its motion to compel before granting CBI's motion to dismiss. First City maintains that without conducting additional discovery, it was unprepared to oppose CBI's motion.

■ In determining whether First City should be allowed additional discovery, the district court properly considered the comity concerns implicated by allowing jurisdictional discovery from a foreign sovereign. Such considerations require a delicate balancing "between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *Arriba Ltd. v. Petroleos Mexicanos,* 962 F.2d 528, 534 (5th Cir. 1992). In *Arriba,* the Fifth Circuit recommended that "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Id.*

Applying a similarly "circumspect" approach, we have explained "that generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." *Filus v. Lot Polish*

*Airlines,* 907 F.2d 1328, 1332 (2d Cir.1990). CBI argues that First City received all of the jurisdictional discovery required by *Filus* and still has failed to present a reasonable basis for the district court to assume jurisdiction over it. CBI therefore contends that any further discovery would violate the principles of comity underlying the FSIA. By contrast, First City maintains that a foreign sovereign should not be allowed to provide minimal, incomplete responses to jurisdictional discovery and then hide behind the FSIA to shield itself from jurisdiction in the United States.

■ Although the district court had in mind the appropriate considerations in addressing the question of discovery from a foreign sovereign, we believe that it abused its discretion by focusing exclusively on CBI's immunity and failing to recognize that these comity concerns do not apply to Rafidain. The court already had subject matter jurisdiction over Rafidain. The district court had refused to vacate the default judgment against Rafidain and had found the bank to be squarely within the commercial activity exception to sovereign immunity. The record indicates that Rafidain provided incomplete responses to First City's document requests and interrogatories. First City's motion to compel sought information from Rafidain that could have revealed whether there was merit to its allegation that CBI extensively controls Rafidain. Because Rafidain is a party to this suit, has been found to fit within the FSIA's "commercial activity" exception and because First City has a judgment against Rafidain, allowing First City to seek further discovery from Rafidain would not intrude upon the sovereign immunity, if any, of Rafidain. The district court should have permitted full discovery against Rafidain, which would have allowed First City a fair opportunity to conduct jurisdictional discovery without further impinging on CBI's immunity. Following discovery from Rafidain, the district court would then have been in a better position to assess whether discovery from CBI on the alter ego question was sufficiently

likely to be productive as to warrant compelling additional jurisdictional discovery. *See Filus,* 907 F.2d at 1332. We believe that the court's failure to take such a course, when coupled with the dismissal of the complaint, was an abuse of discretion.

Accordingly, the district court's order granting CBI's motion to dismiss is vacated. On remand, the district court is instructed to permit First City to conduct full discovery against Rafidain. After such discovery, the district court should then determine (1) whether there is an adequate factual record on which to rule whether CBI was Rafidain's alter ego, or (2) whether further discovery against CBI on the jurisdictional question is warranted.

## Conclusion

The district court's order dismissing the complaint against CBI is vacated, and the case is remanded for further proceedings consistent with this opinion. Each party shall pay its own costs.