476 F.3d 140
 PENINSULA ASSET MANAGEMENT (CAYMAN) LTD., Karen Chongah Han and No Joon Park, Plaintiffs-Appellants-Cross-Appellees,
v.
HANKOOK TIRE CO., LTD., Yang-Rae Cho, Defendants-Appellees,
Financial Supervisory Service of the Republic of Korea, Non-Party-Respondent-Appellee-Cross-Appellant.*
 Docket No. 05-6886-CV(L).
 Docket No. 06-0624-CV (XAP).
 United States Court of Appeals, Second Circuit.
 Argued: October 23, 2006.
 Decided: January 30, 2007.
 
 Bruce E. Bagelman, Talim Song Law Firm (Talim Song, on the brief), Dallas, TX, for Plaintiffs-Appellants-Cross-Appellees.
 James E. Schwartz, Stempel Bennett Claman & Hochberg, P.C. (Emma Elizabeth Daschbach, Siller Wilk, LLP, New York, NY, on the brief), New York, NY, for Non-Party-Respondent-Appellee-Cross-Appellant.
 Before WINTER, McLAUGHLIN, and STRAUB, Circuit Judges.
 PER CURIAM.
 
 
 1
 Peninsula Asset Management (Cayman) Ltd., Karen Chongah Han, and No Joon Park (collectively, "Peninsula") appeal from the denial of their contempt motion by the United States District Court for the Southern District of New York (Baer, J.). See Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., No. M8-85(HB), No. 5:04 CV 1153, 2005 WL 3046284, at *1 (S.D.N.Y. Nov.14, 2005). The non-party-appellee, Financial Supervisory Service of the Republic of Korea ("FSS"), cross-appeals from the denial of its motion to quash Peninsula's subpoena. Because FSS is an agency or instrumentality of the Republic of Korea under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (2000) (the "FSIA"), and therefore immune from this Court's jurisdiction, we affirm.
 
 BACKGROUND
 
 2
 This appeal relates to an action in the United States District Court for the Northern District of Ohio (the "Ohio Action"). In the Ohio Action, Peninsula contended that defendants Hankook Tire Company Limited ("Hankook") and Yang-Rae Cho induced Peninsula to engage in a stock manipulation scheme. See Peninsula Asset Mgmt. (Cayman), Ltd. v. Hankook Tire Co., No. 5:04 CV 1153, 2006 WL 2945642, at *2-5 (N.D.Ohio Oct.13, 2006). During the course of the Ohio Action, Peninsula sought third-party discovery from FSS, which had investigated and sanctioned Hankook for its conduct in Korea.
 
 
 3
 FSS was created in 1997 by both the Republic of Korea's Act on Establishment of Financial Supervisory Organizations (the "Establishment Act") and by presidential decree. FSS is the executive arm of two other government agencies, the Financial Supervisory Commission of the Republic of Korea ("FSC") and the Securities and Futures Commission of the Republic of Korea. FSS acts as their financial oversight agency—supervising, investigating, examining, and enforcing sanctions against financial institutions. FSS oversees, inter alia, banks, securities companies, investment trust companies, insurers, and merchant banking corporations. In short, FSS has oversight duties similar to this country's Securities and Exchange Commission.
 
 
 4
 In March 2005, Peninsula served FSS at its New York City office with a subpoena duces tecum, demanding that FSS produce a witness with knowledge of FSS's investigation of Hankook as well as the actual investigation file.
 
 
 5
 In April 2005, FSS moved to quash the subpoena in the Southern District of New York based on the FSIA and certain confidentiality provisions of the Establishment Act.
 
 
 6
 In June 2005, the district court denied FSS's motion to quash, finding that FSS was not an organ of the Korean government and therefore not entitled to foreign sovereign immunity. The district court did not explicitly address FSS's confidentiality argument.
 
 
 7
 In August 2005, this Court dismissed FSS's appeal from the denial of the motion to quash, finding that the Court did not have jurisdiction because the district court's denial of the motion to quash was not an appealable final order.
 
 
 8
 That same month, Peninsula filed a motion to hold FSS in contempt for refusing to comply with the subpoena. FSS responded that the confidentiality provisions of the Establishment Act prohibited it from disclosing the requested information. Peninsula argued that FSS was allowed to disclose the information under the Official Information Disclosure Act, the Korean equivalent to this country's Freedom of Information Act.
 
 
 9
 In November 2005, the district court denied Peninsula's motion to hold FSS in contempt, finding that: (1) FSS could not comply with Peninsula's subpoena without violating Korean law; and (2) the Republic of Korea's interest in compliance with its law outweighed the U.S. interest in compliance with the subpoena. See Peninsula Asset Mgmt. (Cayman) Ltd., 2005 WL 3046284, at *3. Peninsula now appeals the district court's refusal to hold FSS in contempt. FSS urges this Court to find that it is immune from the subpoena under the FSIA.
 
 DISCUSSION
 
 10
 Peninsula argues that the district court erred in denying its contempt motion. We cannot agree.
 
 
 11
 This Court may affirm a district court's decision on any ground with support in the record. Palmer v. Occidental Chem. Corp., 356 F.3d 235, 236 (2d Cir.2004) (citing Headley v. Tilghman, 53 F.3d 472, 476 (2d Cir.1995)). Here, we affirm because we conclude that FSS is entitled to foreign sovereign immunity.
 
 
 12
 We review a district court's denial of a contempt motion for abuse of discretion. Dunn v. N.Y.S. Dep't of Labor, 47 F.3d 485, 490 (2d Cir.1995). In addition, this Court reviews "a district court's legal determinations regarding its . . . jurisdiction, such as whether sovereign immunity exists, de novo while reviewing its factual findings for clear error." Filler v. Hanvit Bank, 378 F.3d 213, 216 (2d Cir.2004) (citation omitted).
 
 
 13
 A district court may not issue a subpoena or impose contempt sanctions without jurisdiction. See United States v. Morton Salt Co., 338 U.S. 632, 642, 70 S.Ct. 357, 94 L.Ed. 401 (1950) (stating that judicial subpoena power "is subject to those limitations inherent in the body that issues them"). Absent a statutory or treaty exemption, the FSIA grants foreign states immunity from the jurisdiction of any court of the United States. 28 U.S.C. § 1604; see First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 176 (2d Cir.1998). An agency or instrumentality of a foreign state is considered a foreign state for FSIA purposes. 28 U.S.C. § 1603(a). To qualify as an agency or instrumentality of a foreign state, an entity must be: (1) "a separate legal person, corporate or otherwise"; (2) "an organ of a foreign state"; and (3) "neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(b).
 
 
 14
 Here, the dispute focuses solely on whether FSS is an "organ" of the Korean government. Although this Court has no definitive test to determine whether an entity is a government "organ," we consider:
 
 
 15
 (1) whether the foreign state created the entity for a national purpose; (2) whether the foreign state actively supervises the entity; (3) whether the foreign state requires the hiring of public employees and pays their salaries; (4) whether the entity holds exclusive rights to some right in the [foreign] country; and (5) how the entity is treated under foreign state law.
 
 
 16
 Filler, 378 F.3d at 217 (quoting Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 846-47 (5th Cir.2000))(alteration in original).
 
 
 17
 We find that FSS provided sufficient evidence to satisfy four of the Filler factors, thereby establishing a prima facie case for foreign sovereign immunity. Because Peninsula has put forward no argument or evidence showing that one of the FSIA exceptions applies, FSS is entitled to foreign sovereign immunity. First, Korea created FSS for the national purpose of examining, supervising, and investigating Korean financial institutions. Second, the Korean government actively supervises FSS by, inter alia: (1) appointing its governor and auditor; (2) acting through a related agency, FSC; and (3) regulating the inspection fees that FSS can collect. Third, FSS has the exclusive right to receive monthly business reports from the solvent financial institutions it oversees. Finally, the Korean government informed the State Department and the district court that it treats FSS as a government entity.
 
 
 18
 Only one factor weighs against finding sovereign immunity: the Korean government neither requires the hiring of public employees for FSS positions, nor directly pays the salaries of FSS employees. Nonetheless, in light of the four other factors, this is insufficient to deny FSS sovereign immunity.
 
 
 19
 We reached a similar conclusion as to the Korean Deposit Insurance Corporation ("KDIC") in Filler. 378 F.3d at 217. As with KDIC, FSS is an organ of a foreign state because it: (1) was formed by statute and presidential decree; (2) performs traditional government functions; (3) has directors appointed by the Korean government; and (4) has many of its operations overseen by the Korean government. Cf. id.
 
 
 20
 As an agency or instrumentality of a foreign state under the FSIA, FSS is immune from the present subpoena. Thus, we affirm the denial of the contempt motion.
 
 CONCLUSION
 
 21
 For the foregoing reasons, we affirm the district court's denial of the contempt motion on the grounds of foreign sovereign immunity and quash the subpoena. Correspondingly, we declare the cross-appeal moot.
 
 
 
 Notes:
 
 
 *
 We direct the clerk to alter the official caption to reflect the full name of the Non-Party-Respondent