**S/N PRECISION ENTERPRISES, INC., dba Pecamor Kubar Bearings, and Intercontinental Bearings Supply, Inc., Plaintiffs–Appellants,**

v.

**AXSYS TECHNOLOGIES, INC., Defendant–Appellee,**

**Sapporo Precision Inc., Kitanihon Seiki Co., Ltd., Sanbi Co., Ltd., Defendants.**

**No. 07–0315–cv.**

United States Court of Appeals, Second Circuit.

May 27, 2008.

Glenn H. Ripa, New York, NY, for Plaintiffs–Appellants.

Andrew C. Rose, Nixon Peabody Law Firm, Albany, N.Y. (Ned Marshak, Andrew B. Schroth, Grunfeld, Desiderio, Le-

bowitz, Silverman & Klestadt, New York, NY, on brief), for Defendant–Appellee.

PRESENT: RICHARD J. CARDAMONE, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants S/N Precision Enterprises, Inc. and Intercontinental Bearings Supply, Inc. ("plaintiffs") appeal from a judgment entered by the District Court on January 10, 2007 granting defendant's motion for summary judgment. Plaintiffs, who produce and sell ball bearings, filed this action against defendant-appellee AXSYS Technologies, Inc. ("AXSYS"), a ball bearing seller, and three Japanese ball bearing producers, alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.* by all of the defendants and the common law tort of wrongful interference with prospective contractual relations by AXSYS. On October 14, 2005, the District Court dismissed the claims against the Japanese defendants—that is, the defendants other than AXSYS—for lack of personal jurisdiction and dismissed the wrongful interference claim against AXSYS.* *S/N Precision Enters., Inc. v. Axsys Techs., Inc.,* 2005 WL 2614776 (N.D.N.Y. Oct.14, 2005).

On October 31, 2006, AXSYS moved for summary judgment on the remaining Lanham Act claim that AXSYS allegedly deceived customers about the origin of ball bearings it imported and sold. Plaintiffs cross-moved to compel discovery. The District Court denied plaintiffs' motion and granted AXSYS's motion in an order on December 11, 2006. Plaintiffs timely appealed this order. The underlying facts and procedural history are a matter of

record, and we recount here only those aspects that are pertinent to the disposition of the case.

■ We review the denial of a motion to compel discovery for abuse of discretion. *First City, Texas–Houston, N.A. v. Rafidain Bank,* 150 F.3d 172, 175 (2d Cir. 1998). Plaintiffs filed the cross-motion at issue here nearly two months after the cutoff date for discovery. Pursuant to the local rules of the Northern District of New York, any motion to compel discovery shall be filed no later than "**TEN CALENDAR DAYS**" after the discovery cut-off date. N.D.N.Y. Local R. 7.1(d)(8). The District Court properly concluded that plaintiffs—who sent one request for information in February 2006 but did nothing to resolve differences with AXSYS over discovery after the cutoff of discovery following the breakdown of settlement talks—had failed to demonstrate sufficient grounds upon which to compel discovery. Plaintiffs' stated reasons for the delay—namely, the reassignment of counsel on July 14, 2006 and the pursuit of settlement—constitute neither good cause nor excusable neglect. The Court did not abuse its discretion in denying plaintiffs' request to compel discovery when plaintiffs did so little to obtain the requested discovery or seek timely intervention from the Court.

■ We review *de novo* a district court's order granting summary judgment and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In its motion for summary judgment, AXSYS asserted that

---

* The District Court also dismissed for want of subject matter jurisdiction any arguable claims of "dumping." *S/N Precision Enters.,*

*Inc. v. Axsys Tech., Inc.,* 2005 WL 2614776, *3 (N.D.N.Y. Oct.14, 2005).

82

there were no genuine issues of material fact to support plaintiffs' claim that AXSYS had misrepresented the origin of its ball bearings. AXSYS included affidavits from the general manager of the company attesting to the falsity of plaintiffs' claims and attesting to the accuracy of supporting documents. In response, plaintiffs offered only hearsay assertions that the Japanese company did not make miniature ball bearings. AXSYS has met its burden, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."), and plaintiffs have failed to satisfy its burden. We conclude that the Court properly granted the motion for summary judgment.

## CONCLUSION

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. For the reasons stated above, and substantially for the reasons stated by Judge McAvoy in his careful oral ruling of December 11, 2006, we **AFFIRM** the judgment of the District Court.