McCray v. County of Suffolk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
   RAYMOND J. LOHIER, JR.,
      **Circuit Judges**,
   JESSE M. FURMAN,[*]
      **District Judge**.

- - - - - - - - - - - - - - - - - - - - -X
DARNELL McCRAY,
  **Plaintiff-Appellant**,

  -v.-         13-3749

COUNTY OF SUFFOLK, NEW YORK,
  **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    A.J. BOSMAN, Bosman Law Firm, L.L.C., Rome, New York.

---

[*]Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEE:**                    ARLENE S. ZWILLING, for Dennis M. Brown, Suffolk County Attorney, Hauppauge, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Darnell McCray appeals from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), granting summary judgment in favor of defendant-appellee, the County of Suffolk, New York. McCray's pro se lawsuit against the County of Suffolk, under 42 U.S.C. § 1983 and New York state law, alleges that the County violated his constitutional rights pursuant to policies and customs abrogating its responsibility to care for prisoners' medical needs. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

McCray underwent a medical screening the day after he arrived at the Suffolk County Correctional Facility in May 2010. The screening reflected that his fingers were broken and had been evaluated and splinted at a hospital prior to his incarceration. The prison housed McCray in its Medical Tier, and provided an x-ray, a CT scan, a physical therapy evaluation, instructions to exercise, and pain relief medication. McCray alleges that the prison's medical director, Dr. Vincent Geraci, referred McCray to a hand surgeon, but no surgery ensued. According to McCray, the prison's failure to provide surgery caused him physical pain, emotional distress, and incomplete healing of the fractures.

After discovery, the County moved for summary judgment. McCray then moved for leave to amend his complaint by adding Dr. Geraci as a defendant, and for an order directing the County to identify the individuals who signed certain medical records. The district court granted the County's motion for summary judgment, holding that McCray had not identified a policy or custom as required by Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); declined to exercise supplemental jurisdiction over the state law claims; denied leave to amend the complaint, on

2

the ground that amendment would be futile; and declined to order the disclosure of potential witnesses' identities after the close of discovery.

We review de novo a district court's grant of summary judgment. Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir. 2008). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). To establish municipal liability for unconstitutional acts by municipal employees, a plaintiff must show that the violation of his constitutional rights was caused by a municipal policy, custom, or practice. Monell, 436 U.S. at 690-91. For purposes of that requirement, "[a]ctions by an individual with final decision-making authority in a municipality constitute official policy." Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003). McCray urges that the prison's failure to arrange surgery satisfies Monell's requirement due to the involvement of Dr. Geraci, who may have had final decision-making authority. The summary judgment record, viewed in the light most favorable to McCray, indicates that Dr. Geraci referred McCray to a hand surgeon; it is silent as to any other actions by Dr. Geraci. There is no record support to charge the County with a policy of negligence or deliberate indifference based on the affirmative and salutary action of Dr. Geraci. We therefore affirm the grant of summary judgment for the County.

As to McCray's motion to amend his complaint, we generally "review denial of leave to amend under an 'abuse of discretion' standard"; however, "[w]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a de novo review." Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011). McCray sought to add Dr. Geraci as a defendant in this litigation, without specifying whether he sought to name Dr. Geraci in his official or personal capacity. Official-capacity liability would have required proof of a municipal policy or custom, whereas personal liability would have required only that Dr. Geraci himself caused the deprivation of a federal right while acting under color of state law. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). In view of our obligation to construe pro se submissions liberally, see, e.g., Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), we consider both possibilities. First, if

3

McCray had intended to sue Dr. Geraci in his official capacity, the absence of a relevant policy or custom would have defeated the cause of action, just as it defeated the action against the County.  Second, if McCray had intended to sue Dr. Geraci in his personal capacity, the absence of any evidence other than that Dr. Geraci referred McCray to a hand surgeon would have defeated any inference that Dr. Geraci's actions were inconsistent with any federal right. In either case, the proposed amendment would have been futile, so the motion was properly denied.

Finally, as to McCray's post-discovery motion for an order directing the County to identify individuals who signed his prison medical records, which we regard as a motion for additional discovery, "we will review the district court's denial of additional discovery for an abuse of its discretion." First City, Tex.-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 176 (2d Cir. 1998).  McCray submitted this motion approximately nine months after the close of discovery.  McCray wanted to know who signed his medical records because he "may need to call them as witnesses."  (App. 45.)  The district court denied the motion on account of its untimeliness.  Even giving "extra leeway" to this pro se motion in complying with procedural rules, Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), the motion's late timing and thin justification bring the district court's denial well within the range of permissible decisions.

For the foregoing reasons, and finding no merit in McCray's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4