*Kingstown Cap. Mgmt., L.P. v. Vitek*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand twenty-two.

PRESENT:
>            GERARD E. LYNCH,
>            RICHARD J. SULLIVAN,
>            STEVEN J. MENASHI,
>
>                  *Circuit Judges.*

_____

KINGSTOWN CAPITAL MANAGEMENT, L.P.,
KINGSTOWN PARTNERS MASTER LTD,
KINGSTOWN PARTNERS II, L.P., KTOWN, LP,
KINGSTOWN CAPITAL PARTNERS LLC,
INVESTHOLD LTD, VERALI LIMITED,

> *Plaintiffs-Appellants*,

          v.                                                      No. 20-3406

RADOVAN VITEK, CPI PROPERTY GROUP,
S.A., J&T BANKA, A.S., POSTOVA BANKA,

A.S., Jan Gerner, Milada Mala,
Jean-Francois Ott, Lumir Safranek,
Pavel Spanko, J&T Finance Group SE,
Egnaro Investments Limited,
Julius Strapek, LCE Company Limited,
Levos Limited, Rothschild & Co.,
Tomas David, Rene Foltan,
Martin Nemecek, Petr Sekanina,

*Defendants-Appellees*.[*]

| | |
|---|---|
| **For Plaintiffs-Appellants:** | MATTHEW L. SCHWARTZ (John Zach, Craig Wenner, Victor Zapana, Katerina Viciana, Ahson Azmat, Thomas L. Howard III, *on the brief*), Boies Schiller Flexner LLP, New York, NY. |
| **For Defendants-Appellees Radovan Vitek, CPI Property Group, S.A., Milada Mala, and Martin Nemecek:** | SETH M. COHEN (Michael C. Hefter, Andrew M. Harris, Hogan Lovells US LLP, New York, NY; Mitchell P. Reich, Hogan Lovells US LLP, Washington, DC, *on the brief*), Hogan Lovells US LLP, New York, NY |
| **For Defendant-Appellee Pavel Spanko:** | Jack A. Gordon, Joshua B. Katz, Kent, Beatty & Gordon, LLP, New York, NY. |
| **For Defendant-Appellee Rothschild & Co.:** | Timothy G. Cameron, John D. Buretta, Cravath, Swaine & Moore LLP, New York, NY. |
| **For Defendant-Appellee Rene Foltan:** | Scott M. Kessler, Akerman LLP, New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Defendant-Appellee**          Andrew H. Schapiro, Quinn Emanuel
**Jean-Francois Ott:**              Urquhart & Sullivan, LLP, New York,
                                    NY.

**For Defendants-Appellees**        Carl W. Oberdier, Kellen G.
**Tomas David and Petr Sekanina:**  Ressmeyer, Oberdier Ressmeyer LLP,
                                    New York, NY.

**For Defendants-Appellees**        David W. Rivkin and Maeve
**J&T Finance Group SE, J&T Banka,** O'Connor, Debevoise & Plimpton LLP,
**A.S., and Postova Banka, A.S.:**   New York, NY.

**For Defendant-Appellee Jan Gerner:**  Blaine Bortnick, James W. Halter,
                                    Rasco Klock Perez & Nieto, LLC,
                                    New York, NY.

**For Defendant-Appellee**          Stan Chelney, Chelney Law Group
**Julius Strapek:**                 PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Investhold Ltd, Verali Limited, and Kingstown Capital Management, L.P. (together with its affiliates, "Kingstown") appeal the district court's judgment dismissing their complaint on grounds of forum non

3

conveniens and international comity. Plaintiffs are investors in ORCO Property Group, S.A. ("ORCO"), a real-estate development company based in Luxembourg. In 2015, Kingstown sued ORCO and its directors – including Radovan Vitek – in Luxembourg, alleging violations of Luxembourg corporate governance rules. While the Luxembourg action was pending, Plaintiffs filed this action against Vitek and others (collectively, "Defendants") in the Southern District of New York, alleging common law fraud, unjust enrichment, conversion, tortious interference with contract, and civil violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, for essentially the same conduct underlying the Luxembourg action. On appeal, Plaintiffs argue that the district court erred by (1) considering the foreign-law affidavit that Defendants filed with their reply brief, (2) resolving the parties' dispute over foreign law without holding a hearing, (3) declining to order discovery on the issues of forum non conveniens and international comity, (4) dismissing the complaint for forum non conveniens, and (5) abstaining on the ground of international comity. We address each contention in turn.

4

## I. The district court did not abuse its discretion by accepting the foreign-law affidavit filed with Defendants' reply brief.

Defendants' motion to dismiss based on forum non conveniens required the district court to consider, among other things, whether Luxemburg was an adequate alternative forum. This question, in turn, hinged on the law of Luxembourg. In opposing Defendants' motion to dismiss on forum-non-conveniens grounds, Plaintiffs submitted a declaration from a foreign-law expert, asserting that Luxembourg was an inadequate alternative forum. In their reply brief, Defendants attached an affidavit from their own foreign-law expert rebutting Plaintiffs' contention. Plaintiffs argue that the district court should have declined to consider Defendants' affidavit.

The district court has discretion to consider arguments made and evidence submitted for the first time in a reply brief, *see Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005), and we review the district court's decision to consider such arguments and evidence for abuse of discretion, *see Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000). The district court's decision to permit Defendants to submit an affidavit from their own foreign-law expert was certainly not an abuse of discretion. Plaintiffs were not prejudiced by the district court's consideration of Defendants' affidavit because

they had already filed one of their own.   Nor were Plaintiffs taken by surprise by Defendants' affidavit because Plaintiffs had addressed the same issue themselves in their answering brief.   The district court therefore did not abuse its discretion by considering Defendants' foreign-law affidavit.

## II.    The district court did not abuse its discretion by declining to hold a hearing on the disputed issue of foreign law.

Plaintiffs argue that the district court should have held a hearing under Rule 44.1 of the Federal Rules of Civil Procedure because the parties disputed issues of Luxembourg law.   Rule 44.1 states that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."   Fed. R. Civ. P. 44.1.   But Rule 44.1 also states that "[t]he court's determination must be treated as a ruling on *a question of law*."   *Id.* (emphasis added).   Put simply, while Rule 44.1 grants a district court "freedom to employ fact-like procedures, including by taking written and oral testimony," the district court's determination of foreign law is a legal conclusion.   *Bugliotti v. Republic of Argentina*, 952 F.3d 410, 413 (2d Cir. 2020).   As such, disputes over foreign law – like all legal disputes – can be decided on the papers without a hearing.   *See id*. Here, the district court based its interpretation of foreign law on the parties'

6

submissions and on precedent from American courts interpreting Luxembourg law. While the district court could have held a hearing pursuant to Rule 44.1, it was not required to and did not abuse its discretion in deciding that a hearing was unnecessary.

**III.** **The district court did not abuse its discretion by declining to order discovery before resolving Defendants' motion to dismiss.**

Plaintiffs argue that the district court erred by denying their request for discovery on the issues of forum non conveniens and international-comity abstention. Because the district court granted Defendants' motion to dismiss, it "implicitly denied" Plaintiffs' request for additional discovery, which denial we review for "abuse of discretion." *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 175–76 (2d Cir. 1998). Although "a district court normally relies solely on the pleadings and affidavits" when deciding a forum-non-conveniens motion, it may also order limited discovery. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014). But discovery is disfavored before the resolution of a forum-non-conveniens motion because "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). So long as the parties "provide enough information to enable the District Court to balance the parties' interests," discovery is not necessary. *Id.* In this

case, the district court had sufficient information to decide the motion based on the pleadings and affidavits before it. The district court therefore did not abuse its discretion in denying Plaintiffs discovery.

**IV.    The district court did not clearly abuse its discretion by dismissing Plaintiffs' complaint for forum non conveniens.**

Procedural arguments aside, Plaintiffs principally argue that the district court erred in granting Defendants' motion to dismiss for forum non conveniens. "The decision to dismiss a case on forum[-]non[-]conveniens grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused*." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (internal quotation marks omitted). In the Second Circuit, there is a three-step process that guides the district court's exercise of its discretion: first, "a court determines the degree of deference properly accorded the plaintiff's choice of forum"; second, the court "considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute"; and third, the court "balances the private and public interests implicated in the choice of forum." *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). At bottom, the central focus of the forum-non-conveniens inquiry is convenience. *See Piper Aircraft*, 454 U.S. at 249.

8

A plaintiff's choice of forum, as a general matter, "is entitled to substantial deference." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). This is particularly true when the plaintiff chooses its "home forum," which is entitled to "the greatest deference." *Norex*, 416 F.3d at 154. But courts do not automatically defer to the plaintiff's preference. In the Second Circuit, "the degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on several relevant considerations." *Iragorri*, 274 F.3d at 71. One the one hand, "the more it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice." *Norex*, 416 F.3d at 154. "On the other hand, the more it appears that the plaintiff's choice of [an American] forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands." *Id*.

Here, the district court determined that Plaintiffs' choice of forum was entitled to "diminished deference." *Kingstown Cap. Mgmt., L.P. v. Vitek*, No. 19-cv-3170 (DLC), 2020 WL 5350492, at *8 (S.D.N.Y. Sept. 4, 2020). The district court observed that Kingstown has offices in Manhattan and is therefore, in some sense, at home. But the district court also rightly noted that nearly all the

significant events in this case took place in Europe; that virtually all the evidence and witnesses are overseas; that the parties dispute whether the district court even has personal jurisdiction over all Defendants; and that the salient difference between the proceeding in the United States and the proceeding in Luxembourg is the potential for treble damages under the RICO statute, 18 U.S.C. § 1964(c). Based on the record before us, the district court was justified in giving diminished weight to Kingstown's choice of forum. As for Investhold Ltd and Verali Limited, which are both foreign companies owned by a foreign investor, their choice of forum is entitled to even less deference. Accordingly, the district court was justified in giving diminished deference due to Plaintiffs' choice of forum.

With respect to the adequacy of Luxembourg as an alternative forum, we have long recognized that an alternative forum is adequate if (1) "the defendants are amenable to service of process there," that is, subject to the jurisdiction of that other forum's courts; and (2) the alternative forum "permits litigation of the subject matter of the dispute." *Norex*, 416 F.3d at 157.

As to the first prong, Plaintiffs argue that a defendant is only amenable to suit if the case against "all defendants would actually proceed there." Appellants' Br. at 20. But this is not what the law requires. A forum is adequate

10

if "the litigation *may be conducted*" there, *Jota v. Texaco*, 157 F.3d 153, 159 (2d Cir. 1998) (emphasis added), regardless of whether it will actually proceed there. And while Plaintiffs are correct that district courts have, on occasion, required defendants to consent to jurisdiction in the alternative forum before granting a motion to dismiss based on forum non conveniens, such a step is not a prerequisite to dismissal and has typically been required only where the alternative forum's jurisdiction was in doubt. *See id*. Here, Plaintiffs do not dispute that Defendants could be sued in Luxembourg, which is sufficient to establish Defendants' amenability to Luxembourg's jurisdiction for forum-non-conveniens purposes.[1]

Nor can it be doubted that Luxembourg permits litigation on "the subject matter of the dispute." *Norex*, 416 F.3d at 157. Importantly, "[t]he availability of an adequate alternate forum does not depend on the existence of the identical cause of action in the other forum." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 74 (2d Cir. 1998). This is particularly true with respect to claims brought under the RICO statute, which has few analogs in foreign law. *See Norex*,

---

[1] Plaintiffs also suggest that Luxembourg cannot be an adequate alternative forum because Defendant Jean-Francois Ott was dismissed from the Luxembourg action due to Plaintiffs' failure to properly serve him. Ott's dismissal following Plaintiff's inadequate service, however, does not demonstrate that Ott is not subject to Luxembourg's jurisdiction or otherwise preclude Luxembourg from being an adequate alternative forum. *See Norex*, 416 F.3d at 157 ("An alternative forum is adequate if the defendants *are amenable to* service of process there," whether or not they were *actually served* there (emphasis added)).

11

416 F.3d at 158. Instead, it is enough that the alternative forum "provide[s] alternative legal actions to address the wrongdoing encompassed by civil RICO." *Id*.; *see also PT United*, 138 F.3d at 74. The alternative forum will be deemed inadequate only where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254. In this case, there can be no question that Luxembourg permits litigation on "the subject matter of the dispute," *Norex*, 416 F.3d at 157, since there is a parallel case pending there that covers much of the same conduct at issue here.

Notwithstanding this fact, or perhaps because of it, Plaintiffs argue that they are foreclosed under Luxembourg law from bringing fraud claims against Vitek, Ott, and CPI Property Group in Luxembourg's criminal courts. According to Plaintiffs, once a "victim has brought a case in the civil court, he or she is no longer eligible to bring the claim in the criminal court." Addendum at 39. But even if this is a correct statement of the law, the fact that the criminal courts of Luxembourg are closed to Plaintiffs says nothing about the inadequacy of Luxembourg's civil courts to address Plaintiffs' claims. Moreover, Plaintiffs' contention that neither of the two theories of fraud under Luxembourg law would be available to them is belied by their own pleadings. As the district court noted,

12

Plaintiffs filed an amended summons in the Luxembourg case in October 2018, adding further detail to their claims, including information from a report by Luxembourg's financial regulator, *see Kingstown*, 2020 WL 5350492, at *3, which purportedly demonstrates Defendants' involvement in an unlawful conspiracy, *see* Appellants' Br. at 11. Regardless of how the claims are titled, Plaintiffs are pursuing relief in Luxembourg based on the facts of this case, including Defendants' allegedly fraudulent activity. Plaintiffs have failed to explain how the remedies available in the Luxembourg case are "so clearly inadequate or unsatisfactory that [they are] no remedy at all." *Piper Aircraft*, 454 U.S. at 254.

Finally, Plaintiffs argue that the district court abused its discretion in balancing the private and public factors of the forum-non-conveniens analysis. We disagree. Plaintiffs do not argue that the district court made a mistake of fact or law in assessing "the private and public interests implicated in the choice of forum." *Norex*, 416 F.3d at 153; they merely disagree with the outcome of the district court's balancing. Having reviewed the record before us, we find no reason to disturb the district court's careful balancing of these factors.

Because the district court properly considered all three steps of the forum-non-conveniens analysis and did not clearly abuse its discretion in

13

dismissing the complaint, we affirm the district court's ruling on forum-non-conveniens grounds and need not review the district court's alternative decision to abstain based on international comity.

* * *

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

14