**HAIYING XI, Plaintiff,**

**v.**

**SHENGCHUN LU, Chen Yi Yang, Li Xiao Li and SCOF USA Inc., Defendants.**

**Civil Action No. 05–5305.**

United States District Court, E.D. Pennsylvania.

April 26, 2006.

Haiying Xi, Philadelphia, PA, Pro se.

Shengchun Lu, New York City, Pro se.

Chen Yi Yang, New York City, Pro se.

Li Xiao Li, New York City, Pro se.

## MEMORANDUM

KATZ, Senior District Judge.

**AND NOW,** this 26th day of April, 2006, upon examination of Plaintiff's Complaint[1] and subsequent motions, it is evident that subject matter jurisdiction is lacking in this case. As such, the court will dismiss the case *sua sponte,* leaving the claims to be pursued in state court.

Plaintiff Haiying Xi brought this civil action against Defendants Shengchun Lu, Chen Yi Yang, Li Xiao Li, and SCOF USA Inc., demanding specific performance, compensatory and punitive damages for injuries allegedly incurred while contracting with Defendants for goods related to liquor sales. Plaintiff asserts that the conduct of Defendants gives rise to claims for common law conspiracy, breach of contract, and fraud. He fails to include any specific reference to this court's subject matter jurisdiction and makes no mention of any federal questions. The Complaint does state, however, that Plaintiff is a Pennsylvania resident and Defendants Lu and Yang are New York residents; Defendant Li is named as "a Pennsylvania resident . . . with her business address in Philadelphia and . . . [in] New York." Thus jurisdiction appears to predicated solely upon diversity of citizenship under 28 U.S.C. § 1332.[2]

"Any time a possible lack of controversy as to any or all claims is brought to the court's attention, whether through a party or through its own discovery, the court is required to resolve the issue."

1. To date, Defendants have failed to file an Answer or any responses to any of Plaintiff's motions. According to this district's Local Rule 7.1(c), "[i] n the absence of timely response, [a] motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed.R.Civ.P. 56(c)." *Schloss v. Sears Roebuck and Co.,* 2005 WL 433316, at *1 (E.D.Pa. Feb. 24, 2005); *Miller v. Cohen,* 1995 WL 422785, at *1 (E.D.Pa. July 12, 1995). The court need not reach the merits of the summary judgment motion in the instant case, however, given that the court lacks subject matter jurisdiction over the claims.

2. The Complaint does not allege the parties' citizenship, as required for diversity jurisdiction under 28 U.S.C. § 1332. Under subsection (a) of that statute, state citizenship is determined by domicile, even if the parties are permanent resident aliens and not United States citizens (which appears from the Complaint to be a possibility). *Pemberton v. Colonna,* 290 F.2d 220, 221 (3d Cir.1961); *Singh v. Daimler–Benz AG,* 9 F.3d 303, 305 (3d Cir.1993)(referring to the 1988 amendment). Domicile, in turn, may be determined in part by residence. *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir.1972)("Where one lives is prima facie evidence of domicile"). While the "fact of residency must be coupled with a finding of intent to remain indefinitely," *Krasnov* at 1300, the court will assume from the pleadings that the parties are adequately domiciled in and therefore citizens of Pennsylvania.

*Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 (3d Cir.1988) After closer examination, "[w]henever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Indeed, federal courts "have an ever-present obligation to satisfy themselves of the their subject matter jurisdiction and to decide the issue *sua sponte.*" *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir.1995).

■ In order to sustain jurisdiction based on diversity of the parties under 28 U.S.C. § 1332, "there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Employers Ins. of Wausau v. Crown Cork and Seal Co.*, 905 F.2d 42, 45 (3d Cir.1990) (citation omitted). Complete diversity is lacking if "one of the defendants is a citizen of the same state as any of the plaintiffs." *Walls v. Ahmed*, 832 F.Supp. 940, 941 (E.D.Pa.1993).

■ Upon review of the Complaint, it is apparent that complete diversity between Pennsylvania resident Plaintiff Haiying Xi and Defendant Li Xiao Li who also resides in Pennsylvania. The Complaint states that Plaintiff resides in Philadelphia, Pennsylvania (Compl.¶ 1) and that Defendant Li resides in Philadelphia, Pennsylvania as well (*Id.* ¶ 3). As the parties are not diverse, this court lacks jurisdiction and the case will be dismissed.[3]

An appropriate order follows.

### ORDER

**AND NOW,** this 26th day of April, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 21), Motion for Sanction (Docket No. 24) Urgent Petition for Transfer (Docket No. 26), it is hereby **ORDERED** that the case is hereby **DISMISSED** for lack of jurisdiction and said Motions and Petition are **DENIED** as moot

---

3. In the absence of complete diversity, the court may drop non-essential non-diverse parties in order to preserve jurisdiction. *Field v. Volkswagenwerk*, 626 F.2d 293, 296 (3d Cir. 1980), *modified on other grounds, Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 833–34, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); Fed.R.Civ.P. 21. However, "whether a party may be dropped depends on whether the party is 'indispensable' to a just and meaningful litigation of the claims remaining in the suit." *Field* at 297. That determination rests on whether in the non-diverse party's absence, "complete relief cannot be accorded" among the other parties, or whether the non-diverse party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of [the other parties] subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations of his claimed interest." *Id.* at 300.

In the instant case, non-diverse Defendant Li is alleged to be a co-signer of the disputed contract (Compl.¶ 7, Exh. 1) and to guarantee the contract along with Defendant Yang (Compl.¶ 8). Defendant Li agreed to refund money put forth by Plaintiff if the terms of the contract went unfilled, as well as compensate him further, (*Id.* ¶ 8(a), (g)) but has failed to do so. If he is dropped from the case, the other defendants would be subject to the risk of incurring increased obligations due to her absence. As such, Defendant Li remains an indispensable party and cannot be dropped by this court in order to preserve jurisdiction over the matter.