

Opinions of the United
States Court of Appeals
for the Third Circuit

2007 Decisions

4-3-2007

# Xi v. Lu

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Xi v. Lu" (2007). *2007 Decisions.* Paper 1363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2812

HAIYING XI,

Appellant

v.

SHENGCHUN LU; CHEN YI YANG;
LI XIAO LI; SCOF USA INC.

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-05305)
District Judge: Marvin Katz

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2006

BEFORE: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>

(Filed:  April 3, 2007)

OPINION

PER CURIAM

<u>Pro</u> <u>se</u> appellant Haiying Xi appeals an order of the United States District Court for

the Eastern District of Pennsylvania sua sponte dismissing his case for lack of subject

matter jurisdiction. We will vacate and remand for further proceedings.

## I.

Xi, a citizen of Pennsylvania, filed in the District Court a breach of contract action against SCOF USA, Inc., and three of its "shareholders": Shengchun Lu, president and chief operating officer; Chen Yi Yang, assistant president; and Li Xiao Li, public affairs director. The action arose out of an agreement in which Xi was given a partial ownership interest in SCOF USA, Inc. in return for contributing capital used to purchase liquor from China. Lu, Yang, and Li, co-signers of the agreement, represented the "interest of SCOF USA as a whole." Xi alleged that SCOF USA, Inc. was a New York corporation, that Lu and Yang were citizens of New York, and that Li was a Pennsylvania citizen.

The District Court sua sponte dismissed the complaint for lack of jurisdiction, holding that complete diversity of the parties was lacking because both Xi and Li were citizens of Pennsylvania. See Xi v. Lu, 428 F.Supp.2d 339, 341 (E.D. Pa. 2006). Concluding that Li was an indispensable party, the District Court declined to drop her from the case to preserve jurisdiction. See id. at n.3. Xi filed a timely motion for reconsideration, arguing that Li was not indispensable and that her absence would not leave the other parties subject to inconsistent obligations. The District Court denied the motion. Xi appealed.

## II.

In order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction. 28 U.S.C.

§§ 1331-1332.  Because Xi's complaint does not arise under the Constitution, laws, or treaties of the United States, he may proceed in District Court only if he proves facts by which diversity jurisdiction could be sustained.  See Quaker State Dyeing and Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142-43 (3d Cir. 1972).  Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  To establish federal subject matter jurisdiction based on diversity of citizenship, diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants.  Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995).  Xi's complaint states that both he and Li are citizens of Pennsylvania.  Thus, we agree that Li's presence in the suit destroyed diversity.

The District Court considered whether to preserve jurisdiction by removing Li from the case.  "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  Under Rule 21, District Courts have the authority to retain jurisdiction by dropping a non-diverse party, provided that the party is not indispensable to the suit under Federal Rule of Civil Procedure 19.  See Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989).  Parties are indispensable if "'in the circumstances of the case [they] must be before the court.'"  Steel Valley Authority v. Union Switch and Signal Division, 809 F.2d 1006, 1011 (3d Cir. 1987) (quoting 3A J. Moore, Moore's Federal Practice ¶ 19.02).  In other words, indispensable parties are "'[p]ersons who not only have

3

an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" Id. (quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 139 (1854)).

## III.

The District Court found that Li could not be dismissed because she was indispensable to the case. In support of this conclusion, the District Court noted that Li co-signed the contract, that she agreed to refund Xi's money if the contract went unfilled, and that the other defendants would be subject to the risk of incurring inconsistent obligations in her absence. See Fed. R. Civ. P. 19. These factors, however, are insufficient to support a finding of indispensability; indeed, the District Court's analysis omits several essential considerations, and does not provide us with a sufficient basis upon which to perform adequate appellate review.

The mere fact that Li signed the contract and agreed to refund Xi's money does not, by itself, make Li an indispensable party. Furthermore, contrary to the District Court's suggestion, the possibility that the diverse defendants may bear the whole loss if found liable is not the type of "inconsistent obligation" contemplated in Federal Rule of Civil Procedure 19. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993). The District Court also failed to discuss whether the agreement between the parties is controlled by the law of Pennsylvania or New York, how the agreement should be characterized under that state's law (i.e., as contract for goods

4

related to liquor sales, as a joint venture, or as a partnership agreement), and, perhaps most significantly, whether such an agreement provides for joint and several liability. See id. at 406 (declaring that "if the Agreement in question can be construed or interpreted as a contract imposing joint and several liability on its co-obligors, . . . complete relief may be granted in a suit against one of them.").

The determination of whether a party is indispensable is governed by pragmatic and equitable considerations. See AT&T Communications v. BellSouth Telecommunications Inc., 238 F.3d 636, 658 (5th Cir. 2001). The District Court, however, did not address why, in "equity and good conscience," the case could not proceed in Li's absence. See Fed. R. Civ. P. 19(b). In fact, the District Court made no reference to the factors listed in Rule 19(b) for determining whether a party is indispensable. Those factors are: (1) to what extent will a judgment rendered in the party's absence be prejudicial to the party or to those who remain; (2) to what extent will protective measures in the judgment ameliorate or avoid any such prejudice; (3) to what extent will a judgment rendered in the party's absence be adequate; and (4) to what extent will the plaintiff have an adequate remedy if the action is dismissed due to the absence of the party. See Rule 19(b); see also HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185,1191 (3d Cir. 1996).

In sum, because the District Court failed to make the findings necessary for meaningful appellate review, we will vacate the District Court's order and remand the matter for a redetermination concerning whether Li is an indispensable party and for any

further action as may be appropriate.